UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DAVID DELEON | * | CIV 10-4050 |
| Petitioner, | * * | MEMORANDUM OPINION AND ORDER DENYING HABEAS RELIEF |
| -vs- | * * | |
| JORDAN R. HOLLINGSWORTH, WARDEN - FPC YANKTON, | * * * * | |
| Respondent. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, David DeLeon, an inmate who was incarcerated at the Federal Prison Camp in Yankton, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's action challenges the validity of the Bureau of Prisons' administration of the prisoner reentry program under the Second Chance Act of 2007. Petitioner also maintains that the Bureau of Prisons has violated the Federal Prisoner reentry initiative, 42 U.S.C. § 17541, by failing to provide incentives for prisoner participation in skills development programs, particularly, by failing to exercise the discretion of allowing the maximum allowable period in a community confinement facility.

This Court recently entered a decision in favor of the Respondent in a similar Section 2241 action. *See Kurt James Bowers v. Warden, Federal Prison Camp, Yankton*, CIV, 10-4006 (D.S.D. Feb. 25, 2011)(unpublished opinion)(attached hereto).[1] This Court held in the *Bowers* decision that the BOP policies that apply to Bowers and Petitioner DeLeon are valid, reasonable and not in conflict with the provisions of the Second Chance Act of 2007. In the *Bowers* decision this Court also held that an inmate was required to exhaust his administrative remedies before seeking federal

---

[1] Bowers raised issues in addition to those raised in Petitoner's petition, including whether the BOP's application of its interpretation of the Second Chance Act of 2007 to his particular case was in error.

habeas relief under 28 U.S.C. § 2241 on the issue of whether the BOP has failed to comply with 42 U.S.C. § 17541. Petitioner DeLeon, like Bowers, has failed to exhaust his administrative remedies on this issue. Accordingly,

IT IS ORDERED:

1. That Respondent's motion to consolidate cases (Doc. 4) is denied; and

2. That Petitioner DeLeon's request for relief under 28 U.S.C. § 2241 is denied, and the action is dismissed.

Dated this 8th day of March, 2011.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Colleen Schulte
(SEAL)    DEPUTY